LAND, J.
 

 Act No. 108 of 1928 lists and sets forth in •section 1 the salaries and classifications of the 89 deputy criminal sheriffs in and for the parish pf Orleans.
 

 In section 2 of this act it is provided that: “The respective salaries of the said Deputy Sheriffs in and for the Parish of Orleans, as listed and set forth in Seption 1 of this Act, shall be paid by the City pf New Orleans.”
 

 An appropriation of $140,160- is required to comply with the act, but the commission council of the city of New Orleans, in preparing its budget for 1931, provided for only $115,785 to pay the salaries of these deputies, thereby appropriating $24,375 less than is necessary under the legislative mandate.
 

 By Act No. 32 of 1902, the resources of municipal corporations of this state are dedicated to the payment, first, of all statutory charges.
 

 The criminal deputy sheriffs in and for the parish of Orleans contend therefore that, upon the face of these statutes, it is the ministerial duty of the city of New Orleans to budget for the year 1931 the full amount required by Act No. 108 of 1928, and in the present proceeding relators seek to enforce compliance with this duty by respondent by the writ of mandamus.
 

 In answer to the demand of relators, the city of New Orleans attacks Act No. 108 of 1928 as unconstitutional, on the ground that this act was an attempt to change the salaries of public officers in violation of section 34 of article
 
 *673
 
 3 of the Constitution of 1921, in that said act required a two-thirds vote of each House for that purpose, but received in the House of Representatives, on final passage, only 66 yea votes out of a total membership of 100, and hence lacked 1 vote of the required two-thirds.
 

 The temporary writ of mandamus prayed for was denied in the lower court, and relators’ suit was dismissed at their cost. From this judgment relators have appealed.
 

 There is no dispute as to the facts of the case. The issues presented to this court for determination are:
 

 1. May the city of New Orleans plead the nnconstitutionality of Act No. 108 of 1928?
 

 2. Are deputy sheriffs public officers within the meaning of the present Constitution?
 

 3. Does Act No. 108 of 1928 purport to change the salaries of deputy criminal sheriffs?
 

 4. Is the two-thirds vote required by section 34 of article 3 of the Constitution a two-thirds vote of the entire membership or a two-thirds vote of those present?
 

 Section 88 of article 7 of the Constitution of 1921 provides: “Until otherwise provided by the Legislature, the salaries of the following officers of the parish of Orleans and the City of New Orleans shall be as follows: Clerk of the Criminal District Court, four thousand ($4,000.00) dollars per annum; Criminal Sheriff, five thousand ($5,000.00) dollars per annum, and each of his deputies not less than one hundred ($100.00) dollars per month; clerk of the Civil District Court, three thousand six hundred ($3,600.00) dollars per annum, and such commission as collector of inheritance taxes as is now, or may, hereafter be fixed by law; coroner, five thousand ($5,-000.00) dollars per annum; clerk of the First City Court, two thousand four hundred ($2,-400.00) dollars per annum; and all of which salaries shall be payable as now or may be hereafter provided by law.”
 

 In reading section 88 of article 7 of the present Constitution, it jumps to the eye that the salaries of all the officers mentioned in that section are fixed in certain, definite, and settled amounts per annum, except the salary of each of the deputies of the criminal sheriff for the parish of Orleans, which is not fixed at all, in the usual sense of that term, since section 88 merely provides an irreducible minimum of salary for each deputy, while the maximum amount is left without limit or reserve.
 

 Although the salaries of these deputies cannot be reduced below the minimum of $100 per month, yet they can be made to fluctuate from month to month, or at any time, as to the amount to be paid above the minimum, since these salaries have not been fixed with stability and certainty like the other salaries provided for in section 88 of article 7 of the Constitution of 1921.
 

 Appreciating this situation as to the salaries of the criminal deputy sheriffs for the parish of Orleans, the Legislature in 1928 passed Act No. 108, and fixed the salaries of these deputies in certain, definite, and settled amounts for each month, ranging according to classification from $125 to $280 per month for each deputy.
 

 As section 88 of article 7 of the present Constitution did not “fix,” in the usual sense of that term, the salary of each of the deputies of the criminal sheriff for the parish of Orleans, it cannot be contended logically by respondent that Act No. 108 of 1928 changed these salaries, since they were fixed for the first time by this act.
 

 It is true that section 34 of article 3 of the Constitution of 1921 provides that: “Salaries of public officers, whether fixed in this Con
 
 *675
 
 stifution or otherwise, may be changed by vote of two-thirds of the members of each House of the Legislature.”
 

 Since the salaries of these deputy criminal sheriffs were not fixed in the Constitution, but were fixed otherwise by statute for the first time in 1928, and have not been changed since,, section 34 above cited has no application to the present ease.
 

 It is manifest that the terms, “fixed otherwise,” as used in the above section, mean fixed by the Legislature or by statute, and cannot be extended to the salary of a deputy sheriff fixed merely by the sheriff who has appointed Rim, as is the case in the parishes outside of the parish of Orleans, or to the salary of some petty officer or employee fixed by a mere board or local authority.
 

 It is unreasonable to contend, in such cases, that the salary of a deputy sheriff, or of a petty officer or employee of a board or local authority, cannot be changed, except by an act of the Legislature passed by a two-thirds vote of the members elected to each House of the General Assembly.
 

 To hold otherwise would be, in our opinion, nothing short of an attempt upon the part of this court to write into the Constitution of the state a provision which its framers clearly did not contemplate or intend.
 

 Hereafter, should there be an attempt
 
 to
 
 change the salaries of the deputy criminal sheriffs for the parish of Orleans by amendment to Act No. 108 of 1928, then there will be ample time and opportunity to consider and dispose of the other issues raised by respondent in this case.
 

 The specific relief prayed for by relators is that the city of New Orleans be directed to add to its budget for the year 1931, under the item of “Salaries of Chief Deputy,” etc., the sum necessary to comply with the provisions of Act No. 108 of 1928.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that a peremptory writ of mandamus issue herein, directed to the city of New Orleans, and commanding it, through its mayor and the members of its commission council, to add to the item, “Salaries of Chief Deputy, Deputies, Captains, Criers, Clerks, etc., $115,785,” as set forth in Calendar No. 13,259, No. - Commission' Council Series the sum of $24,375, and to budget relators’ salaries according to law and to comply strictly with the mandatory provisions of Act No. 108 of 1928.
 

 It is further ordered that the respondent, the city of New Orleans, pay all of the costs of this proceeding in this court and in the lower court.