ELLIS, Judge.
Plaintiff, as a taxpayer of this state, brought this suit to enjoin Leslie Glasgow, then Director of the Louisiana Wild Life and Fisheries Commission, from drawing salary in excess of that provided for in the Constitution, and to enjoin the State Treasurer from honoring his warrants in excess of that amount. He also asks that any excess salary drawn by Dr. Glasgow be restored to the state. Plaintiff’s suit was dismissed by a judgment sustaining motion for summary judgment made by defendant. Plaintiff has appealed.
Dr. Glasgow was appointed and qualified as the Director of the Wild Life and Fisheries Commission on August 16, 1966, pursuant to the provisions of Article VI, Section 1(A) (7) of the Constitution of 1921, which provides:
“The commission shall select a Director of the Louisiana Wild Life and Fisheries *174 Commission who shall serve as executive officer and administrative officer of the commission and shall be secretary of the commission. The director shall be a qualified elector of this state. The director shall serve at the pleasure of the commission and his salary and that of other personnel shall be fixed by the commission. The salary of the director shall be not less than $7,500.00 nor more than $10,000.00 per annum.”
By Act 31 of 1965, the Legislature changed the salary of the director to $12,600.00 per year, and by Act 9 of the Extra Session of 1966 increased it to $16,-500.00 per year. R.S. 56:3.1. The latter act was signed into law in December, 1966. Dr. Glasgow has, therefore, throughout his tenure in office, drawn a salary in excess of the maximum limit set by the above constitutional provision.
The legislative acts increasing the salary were adopted on the authority of Article III, Section 34 of the Constitution of 1921, which provides:
“Salaries of public officers, whether fixed in this Constitution or otherwise, may be changed by vote of two-thirds of the members of each House of the Legislature.”
Plaintiff claims that the legislature has no authority to change the salary of the director, and that Act 9 of the Extra Session of 1966 is therefore unconstitutional. He bases this on the language of the Constitution which provides that the salary of the director shall be fixed by the Commission, and argues that since Article VI, Section 1 is special legislation, that its provisions should prevail over the general provision of Article III, Section 34. The plaintiff further argues that Article III, Section 34 is inapplicable in this case, since the salary of the director is not “fixed in this Constitution or otherwise”.
Plaintiff’s first contention is without merit. The language of Article III, Section 34 is clear and unambiguous. Regardless of the constitutional provision relative to the fixing of the salary by the Commission, if the salary is “fixed” by the Constitution, within the meaning of Article III, Section 34, the legislature has the authority to change it by a two-thirds vote.
However, plaintiff contends that since a salary range is specified in Article VI, Section 1 rather than a specific amount, the salary is not “fixed” within the meaning of Article III, Section 34. We cannot agree with this contention either. We do not'believe that it was ever intended by the people of this state or the legislature that the salary of the director could be increased above $10,000.00 per year only by constitutional amendment. Further, we find that the word “fix” as defined in Webster’s New Collegiate Dictionary, 1961 edition, means “To set or place definitely, establish, settle.” “Definite” means “Having distinct or certain limits; limited; fixed.” Although the word “fix” can be given other shades of meaning, we believe that it is in the above sense that it was used in the Constitution. We therefore find that in establishing the range of a salary by defining its upper and lower limits, the Constitution has “fixed” the salary within the meaning of Article III, Section 34.
We find that the legislature does have the authority to change the salary of the Director of the Wild Life and Fisheries Commission by a two-thirds vote, and that Act 9 of the Extra Session of 1966 (R.S. 56:3.1) is constitutional.
The cases of State ex rel. McKay v. City of New Orleans, 171 La. 670, 131 So. 843 (1930), and State ex rel. Grosch v. City of New Orleans, 211 La. 241, 29 So.2d 778 (1947), relied on by plaintiff, are not applicable to this case. Those cases dealt with a situation in which only the lower limit of the salaries of certain deputy sheriffs was established by the Constitution, and involved the right of the legislature to change those salaries by a simple majority *175 rather than by a two-thirds vote. We are further of the opinion that those cases apply only to petty public officials and not to public officers of the stature of the Director of the Wild Life and Fisheries Commission.
The judgment appealed from is affirmed, at appellant’s cost.
Affirmed.